UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ALAN ROBERTS,

        Plaintiff,

                                            No.05-cv-74484

vs.                                               Hon. Gerald E. Rosen

NORFOLK SOUTHERN RAILWAY CO.

        Defendant,
_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

                At a session of said Court, held in
              the U.S. Courthouse, Detroit, Michigan
              on       May 24, 2006

              PRESENT: Honorable Gerald E. Rosen
                           United States Judge

I. INTRODUCTION

This FELA action is presently before the court on Defendant Norfolk Southern Railway Company's March 1, 2006 "Motion to Transfer Venue" based upon forum *non conveniens* under 28 U.S.C. § 1404 (a). Having reviewed and considered the parties' respective briefs and supporting documents, the Court has concluded that oral argument is not necessary. Therefore, pursuant to Local Court Rule 7.1 (e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

II. FACTUAL BACKGROUND

Plaintiff, Joseph Alan Roberts, is an employee of Defendant Norfolk Southern Railway Co. ("Norfolk"). On or about March 9, 2005, Plaintiff was injured while pulling two boxcars for

the Railway.  Plaintiff fell to the ground, and sustained injuries to his left leg.

Plaintiff is a resident of Three Rivers, Michigan, which is within the Western District of Michigan.  The accident occurred in Kalamazoo, which is also within the Western District of Michigan.  At the time of the accident, Norfolk was doing business in both the Eastern and Western Districts of Michigan and has a major office located in the Eastern District of Michigan.

### III.  DEFENDANT'S MOTION FOR CHANGE OF VENUE

Norfolk brings this motion to transfer venue to the Western District Court of Michigan on grounds of forum *non conveniens* under 28 U.S.C. § 1404(a), which provides, in pertinent part, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Norfolk alleges that it would be more convenient to all the parties and to the witnesses in this case to proceed in the Western District of Michigan, as Plaintiff and all relevant witnesses reside or live in the Western District of Michigan.  Norfolk further claims that Plaintiff's counsel is located in St. Louis, Missouri, so a transfer to the Western District would not make the forum transfer any less convenient for Plaintiff's counsel.  (The location of a party's counsel is, of course, not relevant to the consideration of a venue determination.)

The factors that are relevant to the Court's consideration of transferring venue for convenience are:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Helder v. Hitachi Power Tools, USA Ltd.,* 764 F. Supp. 93, 96 (E.D. Mich. 1991).

The location of the parties is relevant to a venue determination because it affects the

convenience of the parties. In this case, Norfolk has an office in the Eastern District of Michigan and Plaintiff lives in the Western District of Michigan.  The cause of action also arose in the Western District of Michigan.  Pursuant to 45 U.S.C. § 56, FELA cases may be brought "in the district of residence of the Defendant, or in which the cause of action arose, or in which the Defendant shall be doing business at the time of commencing such action."  Therefore, venue would be appropriate in either the Eastern or the Western District of Michigan.

Norfolk, however, argues that a forum in the Western District would be more convenient for Plaintiff, as Plaintiff resides in the Western District of Michigan.   In response, Plaintiff points out that "[i]n a FELA action, the Supreme Court has stated that the right to select a forum is a 'substantial right,'" *James v. Norfolk & Western Ry. Co.*, 430 F. Supp. 1317, 1319 (S.D. Ohio 1976) (citing *Boyd v. Grand Trunk Western Ry. Co.*, 338 U.S. 263 (1949)), and that he has exercised that right by selecting the Eastern District.  Furthermore, "it is not proper for Defendant to object to any inconvenience caused to Plaintiff by his selection of court," *Hayes v. Chesapeake & O. Ry. Co.*, 374 F. Supp. 1068 (S.D. Ohio 1973), and, therefore, Norfolk may not heard to object to venue for reasons of convenience to Plaintiff, as Plaintiff has the right to select the forum in which a FELA action is brought. Although Plaintiff resides in the Western District, and the incident occurred in the Western District, this is not sufficient, standing alone, for a transfer of venue.  Plaintiff may bring suit in the Eastern District, as Norfolk has an office in the Eastern District.

Norfolk also seeks a change of venue on the grounds of inconvenience to witnesses.  In order for a change of venue to granted because of inconvenience to witnesses, "the party seeking transfer of a case, on grounds of convenience to witnesses, must specify key witnesses, and indicate their significance." *James v. Norfolk & Western Ry., supra,* at  430 F. Supp. 1319.

Although Norfolk has listed several potential witnesses, it has failed to show the significance of these witnesses, whether these witnesses could be expected to appear at trial, or the costs associated with these witnesses.  In order for transfer of venue to be considered, under 28 U.S.C. § 1404(a) the moving party bears the burden of showing a "clear, definite and unequivocal case" for transfer.  *Harris v. Nat'l R.R. Passenger Corp.*, 979 F. Supp. 1052 (E.D. Pa. 1997).  Norfolk has utterly failed to meet this burden.

Norfolk has similarly failed to demonstrate that a transfer of forum would result in a substantial difference in the relative ease of access to sources of proof, as it has not compared the degree of difficulty and costs of travel for witnesses to appear in the Eastern District, as opposed to the Western District.  For example, Norfolk has not demonstrated that it would be more difficult to use service of process to compel attendance of unwilling witnesses, if the case were to continue in the Eastern District instead of the Western District.  Nor has Norfolk specified the amount of increased costs that would result from requiring witnesses to testify in the Eastern District instead of the Western District.

In sum, Norfolk has failed to meet its burden of justifying a forum change.

## V.  CONCLUSION

For all of the reasons set forth above in this Opinion and Order, and the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that the Defendant's Motion to Transfer Venue is DENIED.

                          s/Gerald E. Rosen
                          Gerald E. Rosen
                          United States District Judge

Dated:  May 24, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2006, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager